UNITED STATES of America, Plaintiff,

v.

**Wallace DABBS, Defendant.**

**Civ. A. No. J84–0506(B).**

United States District Court,
S.D. Mississippi,
Jackson Division.

May 8, 1985.

508

Dan Lynn, Asst. U.S. Atty., Jackson, Miss., Charles L. Schlumberger, John W. Schowalter, J. Christopher Kohn, U.S. Dept. of Justice, Washington, D.C., for plaintiff.

Wallace Dabbs, pro se.

## MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

This matter is before the Court on the Motion for Summary Judgment of the United States. The material facts are not in dispute.

On February 10, 1981, the Defendant, Wallace Dabbs, entered into a contract with the United States to construct and lease a Post Office building in Schlater, Mississippi. Dabbs defaulted on his obligations under the contract and on November 20, 1981, the Contracting Officer issued his final decision terminating the contract for default and informing Dabbs of his liability to the Government for any excess reprocurement costs. On December 3, 1982, the Contracting Officer reiterated his final decision terminating the contract for default and informed Dabbs of his right to appeal the decision to the Board of Contract Appeals. On May 9, 1983, the Contracting Officer wrote to inform Dabbs of his liability for $16,380.00, representing the increased cost of procurement incurred by the United States. On May 18, 1983, the Contracting Officer wrote to Dabbs confirming a telephone call from Dabbs of May 12, 1983, concerning the May 9 letter advising him of his liability for the excess costs. The May 18, 1983, letter reiterated Dabbs' right to appeal the notice of default within ninety days from receipt of the May 9, 1983, letter. No appeal was taken by Dabbs.

Suit was filed by the United States on or about June 28, 1984, seeking the excess procurement costs of $16,380.00. In his response to the Complaint, Dabbs raised two defenses. First, he argues that he had not received notice of the final decision of the Contracting Officer placing him in default. Secondly, Dabbs argued that he lacked "the mental capacity to enter into a binding contract prior to and since the time of the execution of the contract."

The government filed a Motion for Summary Judgment on November 5, 1984, attaching copies of the letters sent to Dabbs informing him of default and of his right to seek review of the default decision. After the Defendant failed to respond to the Motion for Summary Judgment, an Order was entered on January 8, 1985, imposing sanctions against the Defendant's attorney and giving the Defendant until January 18, 1985, to respond to the Motion for Summary Judgment. On January 18, 1985, Defendant's counsel filed a Motion for Leave to Withdraw as Counsel and to Set Aside Sanctions. A hearing on the Motion to withdraw and set aside sanctions was noticed for February 19, 1985, and notice of the hearing was sent to the Defendant. On February 19, 1985, a hearing was held with no appearance by the Defendant, Wallace Dabbs. On March 5, 1985, an order was entered allowing Defendant's counsel to withdraw and setting aside sanctions.

On March 5, 1985, the Government re-noticed its Motion for Summary Judgment and submitted a supplemental affidavit by the Contracting Officer setting forth the letters sent to Dabbs concerning his default and his appellate rights. The notice and supplemental affidavit of the Contracting Officer were sent to the Defendant. In addition, the Court personally wrote to the Defendant on March 13, 1985, informing him that if he wished to respond to the Motion for Summary Judgment he must do so on or before March 26, 1985. On March 26, 1985, the Defendant filed a pro se response to the Motion for Summary Judgment in which he did not deny receiving the notices of default but essentially alleged

that he was unable to perform the contract due to personal family problems. Having reviewed the information in support of, and in opposition to the Motion for Summary Judgment the Court is prepared to rule on the Motion at this time.

Under the Contract Disputes Act of 1978 (CDA), 41 U.S.C. §§ 601 *et seq.*, contracting parties may contest the final decision of the contracting officer by appealing to the Postal Service Board of Contract Appeals (PSBCA), or by filing a direct action in the United States Claims Court (Claims Court). 41 U.S.C. §§ 606, 609(a)(1). Under the CDA, an appeal to the PSBCA must be effected within ninety days after receipt of the final decision. 41 U.S.C. § 606. A direct action in the Claims Court must be filed within twelve months after receipt of the final decision. 41 U.S.C. § 609(a)(3). Unless either such action is timely filed, the Contracting Officer's decision is "final and conclusive and not subject to review by any forum, tribunal or government agency." 41 U.S.C. § 605(b).

The Contracting Officer stated in his affidavit that each of the letters referenced herein were mailed to Wallace Dabbs. The December 3, 1982, and May 9, 1983, letters have signatures on the return receipt indicating receipt. Furthermore, the final letter dated May 18, 1983, references a telephone call of May 12 from Wallace Dabbs in reference to the May 9 letter specifying the amount of reprocurement costs for which Dabbs was liable. Dabbs' response to the Motion for Summary Judgment does not deny receiving the notice of default and the explanation of his appellate rights. There is no genuine issue as to any material fact with regard to Dabbs' default, notice of default and liability for the excess reprocurement costs. In *United States v. Ulvedal,* 372 F.2d 31 (8th Cir.1967) the Government was granted a summary judgment based upon the defendant contractor's failing to seek administrative review of the contracting officer's final decision within the thirty-day time limit prescribed in the disputes clause of the contract. *Accord, United States v. Hammer Contracting Corp.,* 331 F.2d 173 (2d Cir.1964). In *Lichter v. United States,* 334 U.S. 742, 68 S.Ct. 1294, 92 L.Ed. 1694 (1948), a case decided under the War Contracts Negotiation Act which contained a clause virtually identical to the mandatory appellate process set out in the CDA, the Court stated:

We uphold the decisions below and the contentions of the Government to the effect that the statutory provision thus made for a petition to the Tax Court was not, in any case before us, an optional or alternative procedure. It provided the one and only procedure to secure a redetermination of the excessive profits which had been determined to exist by the orders of the respective Secretaries or of the Board in the cases before us. Failure of the respective petitioners to exhaust that procedure has left them with no right to present here issues such as those as to the coverage and the amount of profits which might have been presented there....

*Id.* at 792, 68 S.Ct. at 1319–20.

██ It is clear that the CDA provides the exclusive method for challenging the final decision of the Contracting Officer, and that this Court is without jurisdiction to consider challenges to such decisions. It is conclusively established that the Defendant received notice of the default and of his rights under the CDA to seek review of that decision. Any defenses or challenges to the Contracting Officer's final decision, including the Defendant's mental capacity during the contract period, must by law be pursued under the appellate procedures contained in the CDA. This Court lacks jurisdiction to consider these challenges at this time.

Accordingly, the Motion for Summary Judgment of the Government is well-taken and is hereby granted.